# IN THE SUPREME COURT OF THE STATE OF NEVADA

TRACY PETROCELLI, A/K/A JOHN
SYLVESTER MAIDA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79069

FILED

MAY 21 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder and robbery with the use of a deadly weapon. Second Judicial District Court, Washoe County; Egan K. Walker, Judge.[1]

In 1982, appellant Tracy Petrocelli was convicted, pursuant to a jury verdict, of robbery with the use of a deadly weapon and first-degree murder and sentenced to death for the first-degree murder. On appeal, this court affirmed Petrocelli's convictions and death sentence. *Petrocelli v. State*, 101 Nev. 46, 692 P.2d 503 (1985), *superseded in part by statute as stated in Thomas v. State*, 120 Nev. 37, 44-45, 83 P.3d 818, 823 (2004). After being granted relief as to the death sentence, *see Petrocelli v. Baker*, 869 F.3d 710 (9th Cir. 2017), Petrocelli received a second penalty hearing. On May 16, 2019, a jury again sentenced Petrocelli to death. This appeal followed.

Petrocelli argues that the unused verdict forms for sentences of life with and without the possibility of parole contained erroneous language that required a finding "that any mitigating circumstance or circumstances

---

[1]The Honorable Kristina Pickering, Justice, did not participate in the decision in this matter.

21-14708

are not sufficient to outweigh the aggravating circumstance found." Because Petrocelli did not object to the verdict forms, we consider "whether there was error, whether the error was plain or clear, and whether the error affected the defendant's substantial rights." *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) (internal quotation marks omitted).

To impose a death sentence, a jury must "find[ ] at least one aggravating circumstance and further find[ ] that there are no mitigating circumstances sufficient to outweigh the aggravating circumstance or circumstances found." NRS 175.554(3); *see also* NRS 200.030(4); *Hollaway v. State*, 116 Nev. 732, 745, 6 P.3d 987, 996 (2000), *overruled on other grounds by Lisle v. State*, 131 Nev. 356, 351 P.3d 725 (2015). Consistent with those requirements, when a jury returns a death sentence, its written verdict must designate the aggravating circumstance(s) found and "state that there are no mitigating circumstances sufficient to outweigh the aggravating circumstance or circumstances found." NRS 175.554(4). There are no similar requirements when a jury imposes a sentence less than death. Yet the verdict forms for the other sentencing options used in this case included the statement about mitigating circumstances not outweighing the aggravating circumstances that is required only for a verdict imposing a death sentence. The inclusion of this language is error that is plain from a casual inspection of the record.

Having concluded there is clear error, we must determine whether "the error affected [Petrocelli's] substantial rights, by causing actual prejudice or a miscarriage of justice." *Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (internal quotation marks omitted); *see also Jeremias v. State*, 134 Nev. 46, 49, 412 P.3d 43, 51 (2018) ("Under Nevada law, a plain error affects a defendant's substantial rights when it causes

actual prejudice or a miscarriage of justice (defined as a 'grossly unfair' outcome)."). Petrocelli conceded both aggravating circumstances alleged. Thus, the defense case against a death sentence focused on the jury's weighing determination—"the consideration of aggravating factors together with mitigating factors to determine what penalty shall be imposed." *Lisle*, 131 Nev. at 366, 351 P.3d at 732 (alteration and internal quotation marks omitted). But the verdict forms for the lesser sentencing options contained erroneous language regarding the weighing determination. Under these circumstances, we conclude that the error affected Petrocelli's substantial rights and he is entitled to a new sentencing hearing. Accordingly, we conclude Petrocelli has demonstrated plain error, and we

ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

cc: Hon. Egan K. Walker, District Judge
Washoe County Public Defender
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

HERNDON, J., with whom PARRAGUIRRE, J. agrees, dissenting:

I respectfully disagree with my colleagues as I do not believe that there was any error in the verdict forms used at Petrocelli's second penalty hearing. Even if error could be found, it did not affect Petrocelli's substantial rights and therefore reversal is not warranted.

First, Petrocelli did not object to the three verdict forms that were used and did not propose any other verdict forms to be added to the packet of verdict forms submitted to the jury, thereby precluding discussion before the district court about the challenged language and appellate review. The lack of objection to the forms is particularly significant, and not surprising, given that the defense clearly focused their penalty hearing strategy on requesting mercy as opposed to making any substantial presentation that Petrocelli was not eligible for the death penalty. During the settling of the penalty hearing jury instructions, the trial court stated the following:

> [T]he defense perspective in the case has clearly been not to argue whether or not Mr. Petrocelli is death eligible, not explicitly conceding that he is death eligible or that an aggravator exists beyond a reasonable doubt, but instead simply positioning him for mercy.
>
> Said more clearly, the defense position has been since voir dire and throughout the case consistent and it has consistently been, my words, not theirs, he is aged, he is frail and he has served 37 years, give him life without, that is the appropriate punishment.

Petrocelli offered no response to this statement and shortly thereafter, indicated he had no objection to the proposed verdict forms, while also not offering any other verdict forms for the court's consideration. Further, Petrocelli, during closing argument, conceded the existence of the alleged

aggravators and told the jury from the outset of his argument that they would have three sentencing options, which would obviously have included the death penalty. Although Petrocelli briefly referenced the law regarding the mitigation versus aggravation weighing process outlined in the jury instructions, he did not spend any time arguing that the actual mitigation evidence presented should be found to outweigh the aggravators; rather, he focused his argument on how the mitigation evidence involving his age, medical circumstances, and time already spent in prison without significant disciplinary issues, should warrant a decision that the death penalty was not the appropriate sentencing choice. In response to overwhelming evidence, Petrocelli made the difficult but reasonable strategic decision to view death eligibility as having been proven and focus on a request for mercy. The lack of any challenge to the submitted verdict forms and Petrocelli's arguably intentional act of not submitting any other proposed verdict forms comport with this strategy of asking the jury to use its discretion and impose a sentence less than death.

Second, I do not believe the verdict forms were clearly erroneous; rather, they were at worst, incomplete. The trial court gave the jury a packet with three verdict forms, one for each of the sentencing options: life with the possibility of parole, life without the possibility of parole, and the death penalty. What Petrocelli now challenges is that each of the two non-death penalty verdict forms contained the same language as the death penalty verdict form, i.e., that the jury had found "that any mitigating circumstance or circumstances are not sufficient to outweigh the aggravating circumstance found." This language is legally correct in circumstances where the jury has decided that any mitigation evidence does not outweigh the aggravators that have been proven and including it on a verdict form is not error. While NRS 175.554(4) does not require a finding

that the mitigating circumstances are insufficient to outweigh the aggravating circumstances before the jury can impose a sentence less than death, the presence of such language does not automatically render the verdict forms incorrect. The jury is required to first engage in the weighing process, i.e., whether any mitigating evidence outweighs any aggravators that had been found, regardless of what sentencing option the jury then selects. The verdict forms reflecting that weighing process decision does not at all render them in any way invalid. Indeed, the jury would have been well within its prerogative to determine, as the verdict forms state, that any mitigating circumstances were insufficient to outweigh the aggravating circumstances *and* that the appropriate sentence was life with or without parole.[1] At most, the verdict forms could be viewed as incomplete as, had Petrocelli requested it, the trial court could have given two more verdict forms, one for each non-death penalty sentencing option, with language on each stating that any mitigation circumstance or circumstances outweighed the aggravators found.

Third, even assuming error in the unused verdict forms, I do not believe it affected Petrocelli's substantial rights. *See Jeremias v. State*, 134 Nev. 46, 49, 412 P.3d 43, 51 (2018) (listing elements of plain-error review). The jury was properly instructed on the capital sentencing process and were told that it "must first determine whether the State has proven beyond a reasonable doubt that an aggravating circumstance or

---

[1]It is worth noting that, by imposing the death penalty, the jury must have concluded that there were no mitigating circumstances sufficient to outweigh the aggravating circumstances found by the jury. NRS 200.030(4)(a). Thus, had the jury used its discretion to impose a sentence less than death and used either of the challenged verdict forms, the language at issue would have been correct.

circumstances exist[,] . . . whether a mitigation circumstance or circumstances exist[,] . . . and whether any mitigation circumstances outweigh the aggravating circumstance or circumstances." It was then instructed that "[b]ased upon your findings . . . you must then determine whether the defendant should be sentenced to death or life imprisonment with or without the possibility of parole." The jury was also instructed that "the Defendant is entitled to a verdict of one of the alternatives less than death" "[i]f you have a reasonable doubt as to the existence of the aggravating circumstances in this case, or if you find the mitigating circumstance or circumstances are sufficient to outweigh the aggravating circumstance or circumstances found, *or if you for any other reason decline to impose the death penalty.*" (Emphasis added.) It thus was emphasized that the ultimate decision to impose the death penalty was within the jury's discretion even if it found at least one aggravating circumstance and that the mitigating circumstances did not outweigh the aggravating circumstance(s). Where a jury has been properly instructed on all its options, no relief is warranted based on an incomplete or erroneous verdict form. *See Harris v. State*, 134 Nev. 877, 884, 432 P.3d 207, 213 (2018) (affirming conviction for first-degree murder despite the fact that the jury was not given a verdict form on voluntary manslaughter), *cert. denied*, ___ U.S. ___, 139 S. Ct. 2671 (2019); *McNamara v. State*, 132 Nev. 606, 621, 377 P.3d 106, 116 (2016) (affirming conviction despite the failure to include a lesser-included offense on the verdict form). *Harris* is particularly applicable to the instant case as the jury in that case was properly instructed on the law surrounding the offense of voluntary manslaughter and then the voluntary manslaughter sentencing option was left off of the verdict forms, leading this court to conclude that the verdict forms were incomplete but the error was harmless in light of the overwhelming

evidence of Harris's guilt of first-degree murder. 134 Nev. at 884, 432 P.3d at 213. Here, the jury was properly instructed on the capital sentencing process, and then additional verdict forms premised on a finding of mitigating evidence outweighing the aggravators were not added to the verdict forms packet, in large part because Petrocelli did not request them. At worst, this rendered the verdict forms packet incomplete. Because there was overwhelming evidence of death eligibility, including concessions by Petrocelli in argument to the existence of the aggravators and a strategy focusing on mercy as opposed to any real challenge to death eligibility, any alleged error in providing incomplete verdict forms would be harmless. And because the jury determined that the State had proven two aggravating circumstances and that the mitigating circumstances did not outweigh the aggravating circumstances and then exercised its discretion to impose the greatest penalty, I cannot conclude that any alleged error related to the verdict forms for lesser punishments warrants relief.

Based on the above, I respectfully dissent.

_____, J.
Herndon

I concur:

_____, J.
Parraguirre

SUPREME COURT
OF
NEVADA

(O) 1947A